

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00865-CV

**IN RE THE COMMITMENT OF M.A.C.**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI23282
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

ABATED AND REMANDED; MOTION TO WITHDRAW GRANTED

A jury found M.A.C. to be a sexually violent predator, and the trial court rendered a final judgment with an order of civil commitment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.081. M.A.C. now appeals.

M.A.C.'s court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. *See In re Commitment of Riggs*, No. 06-18-00073-CV, 2019 WL 1560688, at \*1 (Tex. App.—Texarkana Apr. 11, 2019, no pet. h.) (recognizing *Anders* procedures apply in civil commitment cases under Chapter 841 of the Texas Health and Safety Code); *cf. In re P.M.*, 520 S.W.3d 24, 27. n.10 (Tex. 2016) (recognizing *Anders* procedures apply in parental termination cases, even though *Anders* concerned a criminal defendant's constitutional right to counsel); TEX. HEALTH & SAFETY

CODE ANN. § 841.005 (requiring the Office of State Counsel for Offenders to represent indigent persons subject to civil commitment proceedings under Chapter 841 of the Texas Health and Safety Code, unless the trial court appoints other counsel). In her brief, counsel discusses several potential appellate issues, including error related to the jury charge, but concludes that none have merit and that this appeal is frivolous. The brief meets the requirements of *Anders*. *See Anders*, 386 U.S. 738, 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 137–38 (Tex. Crim. App. 1969). As required, counsel provided M.A.C. with a copy of the brief, motion to withdraw, and the appellate record and informed him of the right to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). M.A.C. did not file a *pro se* brief, and the State filed a waiver of its right to file a brief.

Once we determine that the procedural requirements of *Anders* have been satisfied, we engage in an independent review of the briefs and the record to determine whether we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error, or we conclude that arguable grounds for appeal exist, in which case we remand the cause to the trial court. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Nichols*, 954 S.W.2d at 86. If we determine that a nonfrivolous ground for appeal exists, we must grant counsel's motion to withdraw, abate the appeal, and remand the case to the trial court for appointment of new counsel. *See Nichols*, 954 S.W.2d at 86 (noting we cannot order counsel to brief and argue an appeal that counsel considers frivolous). The new attorney is then required to file a brief raising the nonfrivolous ground we have identified, as well as any additional grounds that the attorney discovers. *Bledsoe*, 178 S.W.3d at 827; *Stafford v. State*, 813 S.W.2d

503, 511 (Tex. Crim. App. 1991). Only after M.A.C.'s new counsel has briefed the issues on appeal will we address the merits of the issues.

After reviewing the briefs and the record, we conclude that the appeal is not wholly frivolous and there are arguable ground(s) for appeal, including whether the trial court erred in denying M.A.C.'s request for a jury instruction that the jury could render a verdict in M.A.C.'s favor by a vote of 10-2. *See In re Commitment of Jones*, 571 S.W.3d 880, 889–92 (Tex. App.— Fort Worth 2019, pet. filed) (determining the trial court committed reversible error by denying a request for a 10-2 jury instruction in a civil commitment case under Chapter 841 of the Texas Health and Safety Code, even though the jury delivered a unanimous verdict in favor of commitment). We therefore grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. The trial court shall, within thirty days from the date of our opinion and order, appoint a new attorney on appeal to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion. *See Bledsoe*, 178 S.W.3d at 827; *see also Nichols*, 954 S.W.2d at 86.

Rebeca C. Martinez, Justice